United States District Court
Southern District of Texas
**ENTERED**
September 22, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CALIXTO RODRIGUEZ VILLA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-1021 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner Calixto Rodriguez Villa is currently detained by Immigration and Customs Enforcement at the Port Isabel Service Processing Center in Cameron County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A), alleging claims under the Due Process Clause of the Fifth Amendment, and for violations of his rights under the Fourth Amendment. In addition, Petitioner alleges that "[t]he Government's rapid transfer of Petitioner out of New Jersey, combined with its failure to make his location reliably available through its standard public systems," has violated his constitutional and statutory rights "to communicate with and be represented by his retained counsel of choice, and with counsel's ability to prepare and pursue relief on his behalf." (Pet., Doc. 1, ¶ 48)

Petitioner requests a temporary restraining order "prohibiting transfer outside this District and removal from the United States while this matter is pending." (Pet., Doc. 1, ¶ 57)

To obtain a preliminary injunction, a party must demonstrate (1) a likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of equities favors the movant; and (4) that the injunction is in the public interest. *See Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013); *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The third and fourth factors merge when the government is

the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The party seeking a preliminary injunction bears the burden on each factor. *Enter. Int'l, Inc. v. Corporación Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Based on the record and the applicable law, the Court finds that Petitioner has not demonstrated a substantial threat of irreparable harm. Petitioner includes no factual allegations indicating that his removal may be imminent, and the current record contains insufficient information to demonstrate that his transfer to another facility will preclude his counsel's ability to represent his interests in this matter.

As a result, it is:

**ORDERED** that the request for emergency injunctive relief within Petitioner Calixto Rodriguez Villa's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **DENIED**.

To facilitate the Court's consideration of the other issues that Petitioner presents, including his access-to-counsel claim, it is:

**ORDERED** that by no later than October 6, 2026 Respondents shall file a Response to Petitioner Calixto Rodriguez Villa's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

The Clerk of Court is directed to serve a copy of this Order upon Respondents in accordance with the Memorandum of Understanding.

Signed on September 22, 2026.

Fernando Rodriguez, Jr.
Fernando Rodriguez, Jr.
United States District Judge